UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID SUMNER IV,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE INSURANCE CORP, et al.,<br><br>　　　　　　Defendant. | CASE NO. 3:19-CV-6183-BHS-DWC<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* |

Plaintiff David Sumner, IV, proceeding *pro se*, filed this action alleging violations of his constitutional rights. *See* Dkt. 1-1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has failed to state a claim. The Court dismisses Plaintiff's Proposed Complaint without prejudice, re-notes the pending Application to Proceed IFP, and provides Plaintiff leave to file an amended pleading by January 24, 2020, to cure the deficiencies identified herein.

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 1

## I. Background

Plaintiff alleges Defendants Allstate Insurance Company, Insurance Providers Inc., Mike Kreidler, Governor Jay Inslee, Dave Sumner, III, and Sharon Kay Sumner violated his constitutional rights. Dkt. 1-1. However, Plaintiff's Proposed Complaint contains no factual allegations. *See id*. Rather, Plaintiff states he will be filing complaint pleadings within 90 days. *See id*. at pp. 7, 9.

## II. Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Plaintiff's Proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint. As stated above, the Court is required to liberally construe *pro se* documents. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff's Proposed Complaint contains no allegations against Defendants. Thus, his Proposed Complaint fails to state a claim upon which relief can be granted and dismissal is warranted. *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also*

*Twombly,* 550 U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

The Court notes that to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

### III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court finds Plaintiff has failed to state a claim. Therefore, the Court dismisses Plaintiff's Proposed Complaint without prejudice. If Plaintiff intends to pursue to this action, he must file an amended complaint on or before January 24, 2020. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. If Plaintiff fails to file an amended complaint or otherwise respond, the undersigned will recommend that the Application to Proceed IFP be denied and that the case be closed.

1  If Plaintiff submits an adequate complaint, the Court will consider the Application to
2  Proceed IFP. The Clerk is directed to re-note the Application to Proceed IFP (Dkt. 1) for
3  consideration on January 24, 2020.

4  Dated this 20th day of December, 2019.

*[signature]*
David W. Christel
United States Magistrate Judge

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 5